**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NATURAL ORGANICS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>SALUD NATURAL ENTREPRENEUR, INC.<br><br>*Defendant.* | CIVIL ACTION NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Natural Organics, Inc. ("Plaintiff" or "NOI"), by and through its undersigned

counsel, brings this action against Defendant Salud Natural Entrepreneur, Inc. ("Defendant" or

"Salud") and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin, and

unfair competition under the Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114,

1125(a), as well as other related claims under the laws of the State of Illinois and common law.

## THE PARTIES

2.     Plaintiff NOI is a corporation organized and existing under the laws of the State

of New York with its principal place of business at 548 Broadhollow Road, Melville, New York

11747.

3.      Upon information and belief, Defendant Salud is a corporation organized and existing under the laws of the Illinois with its principal place of business at 2094 N. Milwaukee Avenue, Chicago, Illinois 60647.

4.      Upon information and belief, Defendant Salud, by and through itself and/or its affiliates, related entities, licensees, distributors, and/or agents, advertises, offers for sale, and sells products in the United States that are regularly sold to retailers and customers in the State of Illinois and in this District. For example, Salud states that its products are "present in major cities of U.S." including Chicago. True and correct copies of Defendant's webpages reflecting these facts are set forth as **Exhibit A**.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b) for the claims arising out of the violations of Section 32 and Section 43 of the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising under the common law of the State of Illinois, and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      This Court has personal jurisdiction over Defendant because, upon information and belief: Defendant resides in this District; Defendant's principal place of business is in this District; Defendant has committed and continues to commit acts of trademark infringement and other tortious acts causing harm in this District and elsewhere in Illinois by marketing, offering to sell, selling, and continuing to sell products that infringe Plaintiff's trademarks in this District

and State; Defendant has continuous and systematic business in this State and District, including through regular sales and other commercial transactions or solicitation thereof, such that it is at home here; Defendant transacts business and/or contracts within this State and District; Defendant derives substantial revenue from goods used or consumed in this State and District; and/or because Defendant expects or should reasonably expect its actions to have consequences in this State and District and derives substantial revenue from interstate or international commerce.

7.     Venue is proper in this District under 28 U.S.C. § 1391 in that a substantial part of the events or acts giving rise to the claim occurred in this District and because Defendant resides in and is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### Plaintiff NOI's Products and Intellectual Property

8.     NOI is a leading developer, manufacturer, and distributor of vitamins and dietary and nutritional supplements. NOI was founded in the early 1970s by Gerald Kessler with a vision to create exceptional vitamin and supplement products made with superior ingredients and the highest standards of manufacturing.

9.     NOI's products are sold at local, regional, national health food and specialty stores and other retailers, such as GNC, Vitamin Shoppe, Luck Stopes, Giant Eagle, and Krogers, domestically and abroad. NOI's products are also sold online, including through online retail websites Iherb, VitaCost, Amazon.com, and Swanson.

10.     NOI owns numerous trademark registrations in the United States and around the world for its NATURE'S PLUS and NATURES PLUS Marks and formatives thereof (all together the "NATURE'S PLUS Marks"), including in International Class 5 for dietary and

nutritional supplements and other relevant goods and services in International Class 5 or other relevant classes, for example: U.S. Trademark Registration Nos. 2066716, 2078813, 4369664, 4373376, 4373378, 5054266, and 5341430 (together the "NATURE'S PLUS Federal Registrations"). True and correct copies of representative examples of NOI's registration certificates for the NATURE'S PLUS Marks are attached as **Exhibit B**. Many of NOI's NATURE'S PLUS Marks registrations are incontestable under 15 U.S.C. § 1065. The foregoing registrations are valid and constitute conclusive evidence of NOI's ownership of and exclusive right to use the NATURE'S PLUS Marks in commerce in connection with its registered goods and services.

11.     NOI owns significant common law rights in and to the NATURE'S PLUS Marks as a result of its use in U.S. commerce of said marks, examples of which are set forth below:

  

12.     NOI owns and operates the domain <https://naturesplus.com>, which features information about its products offered under the NATURE'S PLUS Marks, along with editorial

4

5235138_1

content related to the health and dietary and nutritional supplements fields.

13.     Long before Defendant, and since at least as early as 1972, NOI, by and through itself and/or its predecessors, and their affiliated and related entities, licensees, distributors, and/or agents, has promoted, advertised, distributed, offered for sale, and sold products under the NATURE'S PLUS Mark and continues to broadly use the NATURE'S PLUS Mark and the NATURES PLUS Mark and formatives thereof in the United States and in countries around the world all in connection with dietary and nutritional supplements and related goods and services.

14.     NOI has made extensive use of the NATURE'S PLUS Marks in connection with its successful and celebrated health, dietary, and nutritional products. Due to NOI's widespread use, advertising, and extensive marketing, NOI has built up highly valuable goodwill in its NATURE'S PLUS Marks, and said goodwill has become closely and uniquely identified and associated with NOI.

15.     As a result of its substantial advertising and promotional efforts, NOI has made extensive sales of its products under the NATURE'S PLUS Marks and the NATURE'S PLUS Marks have become well known among consumers as distinctive indicators of NOI's goods and services.

16.     NOI owns all right, title, and interest in and to the NATURE'S PLUS Marks.

17.     NOI has invested significant time and resources in developing and obtaining intellectual property related to its products, including, but not limited to, the NATURE'S PLUS Marks.

18.     To maintain the strength of its rights in the NATURE'S PLUS Marks, NOI vigilantly protects and enforces its intellectual property rights on a worldwide basis.

19.     NOI has not licensed or otherwise authorized Defendant to manufacture, market,

5

promote, or sell products bearing or under the NATURE'S PLUS Marks or confusingly similar variations thereof.

### Defendant's Unauthorized Use of and Failed Efforts to Register the Confusingly Similar NATURPLUS Mark

20.     Upon information and belief, Defendant owns and operates the website <http://www.nopalinausa.com/>, which features information on, and an e-commerce store offering for sale, dietary and nutritional supplements, among other things.

21.     Defendant uses the NATURPLUS mark on and in connection with dietary and nutritional supplements without permission or a license from NOI to do so. Representative examples of Defendant's products offered under the NATURPLUS mark are set forth below:

 




22.     Defendant's NATURPLUS mark is nearly identical to and is substantially similar to NOI's NATURE'S PLUS Marks in sound, appearance, connotation, and commercial impression.

23.     Defendant's dietary supplements goods are identical to NOI's goods under the NATURE'S PLUS Marks.

24.     NOI and Defendant offer for sale nutritional or dietary supplements under the NATURE'S PLUS Marks and the NATURPLUS mark, respectively, at similar price points.

25.     Upon information and belief, Defendant's nutritional or dietary supplements offered for sale under the NATURPLUS mark is manufactured using interior, cheaper, and lower-quality materials than NOI's products under the NATURE'S PLUS Marks.

7

26.     The sales channels overlap for NOI's nutritional and dietary supplements under the NATURE'S PLUS Marks and the Defendant's dietary supplements under the NATURPLUS mark, including on the internet.

27.     On or about April 6, 2017, Defendant filed a U.S. trademark application for the mark NATURPLUS in International Class 5 for "dietary supplements," U.S. Trademark Application Serial No. 87/401,864 (the "NATURPLUS Application").

28.     On or about June 29, 2017, the U.S. Patent and Trademark Office ("USPTO") issued an office action rejecting Defendant's NATURPLUS Application under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), on the basis of a likelihood of confusion with the following registered marks, each of which is owned by NOI (the "June 2017 Office Action"):

| Registration Number | Mark | Class & Representative Goods |
|---|---|---|
| 2078813 | NATURE'S PLUS | Body creams, skin moisturizers |
| 2066716 | NATURE'S PLUS | Dietary supplements |
| 5054266 | NATURES PLUS | Dietary supplements |
| 4373376 | NATURE'S PLUS COMPLETE BODY CLEANSE | Dietary supplements |
| 4373378 | NATURE'S PLUS FRESH START CLEANSE | Dietary supplements |
| 4369664 | NATURE'S PLUS QUICK BODY CLEANSE | Dietary supplements |

29.     Defendant did not respond to the June 2017 Office Action.

30.     On or about January 25, 2018, the USPTO issued a notice of abandonment for the NATURPLUS Application due to Defendant's failure to timely respond to the June 2017 Office Action.

31.     Upon information and belief, at the time Defendant adopted the NATURPLUS mark, it knew that NOI used the NATURE'S PLUS Marks, including on or in connection with nutritional and dietary supplements.

8

32.     Upon information and belief, at the time Defendant adopted the NATURPLUS mark, it knew that NOI owned the NATURE'S PLUS Federal Registrations.

33.     Upon information and belief, at the time Defendant filed for a U.S. trademark application for the NATURPLUS mark, on or around April 6, 2017, it knew that NOI used the NATURE'S PLUS Marks, including on or in connection with nutritional and dietary supplements.

34.     Upon information and belief, at the time Defendant filed for a U.S. trademark application for the NATURPLUS mark, on or around April 6, 2017, it knew that NOI owned the NATURE'S PLUS Federal Registrations.

### NOI's Enforcement Efforts Against Defendant to Date and Defendant's Continued and Willful Infringement of the NATURE'S PLUS Marks

35.     On or about September 28, 2017, counsel for NOI sent Defendant a letter demanding, among other things, that they cease and desist use of the NATURPLUS mark and abandon the NATURPLUS Application (the "September 2017 Cease and Desist Letter"). A true and correct copy of the September 2017 Cease and Desist Letter is set forth as **Exhibit C**.

36.     Defendant did not respond to the September 2017 Cease and Desist Letter.

37.     In willful disregard for NOI's intellectual property rights, Defendant continued to use the NATURPLUS mark after receiving the September 2017 Cease and Desist Letter.

38.     On or about October 12, 2017, counsel for NOI sent Defendant another letter demanding, among other things, that they cease and desist use of the NATURPLUS mark and abandon the NATURPLUS Application (the "October 2017 Cease and Desist Letter"). A true and correct copy of the October 2017 Cease and Desist Letter is set forth as **Exhibit D**.

39.     In willful disregard for NOI's intellectual property rights, Defendant continued to use the NATURPLUS mark after receiving the October 2017 Cease and Desist Letter.

40.     Since the October 2017 Cease and Desist Letter, counsel for NOI and Defendant exchanged a number of communications regarding the NATURPLUS mark, but Defendant has continued to use the NATURPLUS mark.

41.     Most recently, on or about June 22, 2018, counsel for NOI again wrote to counsel for Defendant, but Defendant's counsel did not respond and Defendant has continued to use the NATURPLUS mark.

42.     Defendant continues its infringing activities to sale, including through internet sales of products branded with the NATURPLUS mark. True and correct photographs of Defendant's products bearing the unauthorized NATURPLUS mark as sold via the e-commerce store on Defendant's website <http://www.nopalinausa.com> on June 29, 2018 and thereafter shipped in U.S. commerce are set forth in **Exhibit E**. As of August 24, 2018, Defendant continues to offer for sale products bearing the unauthorized NATURPLUS mark on its website <http://www.nopalinausa.com>, including at <https://www.nopalinaonline.com/?category=&s=naturplus&search_posttype=product>.

43.     Defendant's ongoing use of the NATURPLUS mark, despite the USPTO's rejection of said mark and numerous communications from NOI, reflects Defendant's defiance and willful intent to infringe and violate NOI's rights in the NATURE'S PLUS Marks.

### NOI is Suffering Irreparable Harm

44.     Defendant has undertaking activities in connection with the sale and promotion of products that is likely to cause confusion among consumers as to the source or origin of their goods, namely that NOI is the source of Defendant's products under the NATURPLUS mark or that Defendant's products under the NATURPLUS mark are sponsored by, affiliated with, or endorsed by NOI.

5235138_1

45.     The likelihood of confusion, mistake, and deception caused by Defendant's sale of infringing products under the NATURPLUS mark is causing irreparably harm to NOI and the goodwill associated with its NATURE'S PLUS Marks.

46.     Upon information and belief, Defendant adopted the NATURPLUS mark and is using the NATURPLUS mark with the deliberate intent to create confusion as to the source, sponsorship, and quality of its products, and to trade off the goodwill of NOI and its NATURE'S PLUS Marks.

47.     Defendant's conduct described herein is intentional, fraudulent, malicious, willful, and wanton.

48.     Defendant's conduct has caused and will continue to cause NOI to suffer irreparable harm to its reputation and the goodwill associated with the NATURE'S PLUS Marks because it has no control over Defendant's products or use of the NATURPLUS mark.

49.     Defendant's conduct has injured NOI. If not enjoined, Defendant's conduct will continue to injure NOI.

50.     Defendant's conduct has and will continue to harm the public.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114, 1125(a)

51.     NOI hereby repeats and realleges Paragraphs 1-50 of this Complaint as if fully set forth herein.

52.     NOI owns all right, title, and interest in and to the NATURE'S PLUS Marks.

53.     Defendant has used in commerce, without NOI's permission, the NATURPLUS mark in a manner that is likely to cause confusion, mistake, or deception among purchasers as to the source of Defendant's goods and/or to cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association of NOI and/or NOI's goods and

services, on the one hand, with Defendant and/or Defendant's goods and services, on the other hand.

54.     Defendant's acts constitute infringement of the NATURE'S PLUS Marks under 15 U.S.C §§ 1114, 1125(a).

55.     As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and NOI has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks confusingly similar to the NATURE'S PLUS Marks and will cause irreparable damage to NOI. NOI has no adequate remedy at law and is entitled to an injunction restraining Defendant, and its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

56.     NOI is further entitled to recover from Defendant the actual damages that it has sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

57.     NOI is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

58.     Because of the willful nature of Defendant's wrongful acts, NOI is entitled to an award of exemplary damages under the common law, and treble damages, increased profits, and its reasonable attorneys' fees under 15 U.S.C. § 1117

**COUNT II**
**FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(a)**

59.     NOI hereby repeats and realleges Paragraphs 1-58 of this Complaint as if fully set forth herein.

60.     NOI owns all right, title, and interest in and to the NATURE'S PLUS Marks.

61.     Defendant has used in commerce, without NOI's permission, the NATURPLUS

12

mark, which is substantially similar to the Defendant's NATURE'S PLUS Marks, on and in connection with nearly identical dietary supplements goods.

62.     Defendant's unlawful acts in appropriating rights in the NATURE'S PLUS Marks are and were intended to benefit from NOI's goodwill for its own gain.

63.     Defendant's use of the NATURPLUS mark, which is confusingly similar to NOI's NATURE'S PLUS Marks, has caused and is likely to cause confusion as to the source of the source of Defendant's products, all to the harm of NOI.

64.     Defendant's conduct alleged herein constituted a false designation of origin and is likely to cause confusion or deception of consumers as to the origin, sponsorship, affiliation, connection, and/or association of NOI's and Defendant's goods and/or services.

65.     Defendant's use of the NATURPLUS mark is calculated and intended to deceive and is likely to deceive consumers into believing that its products are NOI products or are associated with NOI's products.

66.     Defendant is capitalizing on and profiting from the likely consumer confusion between its use of the NATURPLUS mark, on the one hand, and NOI's use of the NATURE'S PLUS Marks, on the other hand.

67.     NOI does not now and has never sponsored, approved, or authorized Defendant's use of the NATURE'S PLUS Marks or any other intellectual property.

68.     Defendant's conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with NOI and NOI's NATURE'S PLUS Marks.

69.     Defendant has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a).

70.     The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

71.     Defendant's unfair competition has caused and is causing great and irreparable harm and damage to NOI, and will continue, unless permanently restrained and enjoined by this Court.

72.     As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and NOI has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained, Defendant will continue to use marks confusingly similar to the NATURE'S PLUS Marks and will cause irreparable damage to NOI. NOI has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement and unfair competition.

73.     NOI is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

74.     NOI is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

75.     Because of the willful nature of Defendant's wrongful acts, NOI is entitled to an award of exemplary damages under the common law, and treble damages, increased profits and its reasonable attorneys' fees under 15 U.S.C. § 1117.

## <u>COUNT III</u>
## ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT

76.     NOI hereby repeats and realleges Paragraphs 1-75 of this Complaint as if fully set forth herein.

77.     NOI owns all right, title, and interest in and to the NATURE'S PLUS Marks.

78.     Defendant has used in commerce, without NOI's permission, the NATURPLUS mark in a manner that is likely to cause confusion, mistake, or deception among purchasers as to the source of Defendant's goods and/or to cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association of NOI and/or NOI's goods and services, on the one hand, with Defendant and/or Defendant's goods and services, on the other hand.

79.     Defendant's use of confusingly similar marks in the manner alleged is likely to deceive the public by passing off its goods as being rendered, sponsored, or otherwise approved by or connected with NOI.

80.     Defendant's use of the NATURPLUS mark in connection with supplements is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's goods and constitutes infringement of NOI's NATURE'S PLUS Marks under the common law of the State of Illinois.

81.     As a direct and proximate result of Defendant's actions as stated herein, the public has been harmed and NOI has suffered damage to its reputation and damage to the goodwill of its NATURE'S PLUS Marks.

82.     Defendant's acts of infringement have caused NOI irreparable injury, loss of reputation, and pecuniary damages. Unless enjoined by this Court, Defendant will continue these acts of infringement thereby deceiving the public and causing NOI immediate and irreparable damage.

83.     NOI is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts and/or the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

5235138_1

84.     Because of the willful nature of Defendant's wrongful acts, NOI is entitled to an award of exemplary damages, and treble damages, increased profits and its reasonable attorneys' fees under the common law.

**COUNT IV**
**ILLINOIS COMMON LAW UNFAIR COMPETITION**

85.     NOI hereby repeats and realleges Paragraphs 1-84 of this Complaint as if fully set forth herein.

86.     NOI owns all right, title, and interest in and to the NATURE'S PLUS Marks.

87.     Consumers identify the NATURE'S PLUS Marks exclusively with NOI.

88.     NOI has expended substantial time, resources, and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the NATURE'S PLUS Marks.

89.     Defendant has infringed the NATURE'S PLUS Marks through its use of the confusingly similar NATURPLUS Mark. Defendant's unlawful acts are designed to capitalize on NOI's goodwill for Defendant's own pecuniary gain.

90.     Defendant's use of the NATURPLUS mark is calculated to and is likely to create confusion, deceive and mislead consumers into believing that Defendant's products originate with or are authorized by NOI, and is likely to cause confusion as to the source of Defendant's products, all to the detriment of NOI.

91.     Defendant's acts as alleged herein constitute unfair competition and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with NOI and its NATURE'S PLUS Marks.

92.     Defendant committed the acts alleged herein willfully and with the intent to confuse the public and to injure NOI.

93.     Defendant's acts have caused and are causing great and irreparable harm and

16

5235138_1

damage to NOI, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

94.     As a direct and proximate result of Defendant's actions as stated herein, the public has been harmed and NOI has suffered damage to its reputation and damage to the goodwill of its NATURE'S PLUS Marks.

95.     NOI is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts and/or the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

96.     Because of the willful nature of Defendant's wrongful acts, NOI is entitled to an award of exemplary damages, and treble damages, increased profits and its reasonable attorneys' fees under the common law.

**COUNT V**
**UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS 815 ILCS 510 *et seq.*)**

97.     NOI hereby repeats and realleges Paragraphs 1-96 of this Complaint as if fully set forth herein.

98.     NOI owns all right, title, and interest in and to the NATURE'S PLUS Marks.

99.     Defendant has used in commerce, without NOI's permission, the NATURPLUS mark in a manner that is likely to cause confusion, mistake, or deception among purchasers as to the source of Defendant's goods and/or to cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association of NOI and/or NOI's goods and services, on the one hand, with Defendant and/or Defendant's goods and services, on the other hand.

100.     At all pertinent times there was in full force and effect a statute in the State of Illinois entitled the "Uniform Deceptive Trade Practice Act," 815 ILCS 510 *et seq.*

17

101.    Defendant's acts described above in paragraphs 1-50, and incorporated by reference, constitute a violation of 815 ILCS 510/2 (a)(1) through (a)(12), inclusive.

102.    As a direct and proximate result of Defendant's wrongful acts, the public has been harmed and NOI has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Unless restrained in accordance with 815 ILCS 510/3, Defendant will continue to use marks confusingly similar to the NATURE'S PLUS Marks and will cause irreparable damage to NOI. NOI has no adequate remedy at law and is entitled to an injunction in accordance with 815 ILCS 510/3 restraining Defendant, and its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

103.    NOI is further entitled to recover from Defendant the actual damages that it has sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

104.    NOI is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

105.    Because of the willful nature of Defendant's wrongful acts, NOI is entitled to an award of costs and attorneys' fees under 815 ILCS 510/3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NOI prays for judgment against Defendant as follows:

(1)    Pursuant to 15 U.S.C. § 1116, and the laws of the State of Illinois including 815 ILCS 510 *et seq.*, that Defendant and each of its agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with it be permanently enjoined from:

(a) Using or authorizing, aiding, or abetting others to use the NATURPLPUS mark or any other name or mark that is confusingly to NOI's NATURE'S PLUS Marks,

in connection with the marketing, promotion, offering, rendering, sale, or other use in commerce of any product, in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with NOI or that there is any affiliation or connection with NOI, and from otherwise competing unfairly with NOI;

(b) Otherwise infringing NOI's NATURE'S PLUS Marks or unfairly competing with NOI;

(c) Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake, or to deceive the public into believing that any of Defendant's goods or services originate with NOI or that there is any connection, affiliation, or sponsorship between NOI and Defendant.

(2)     Pursuant to 15 U.S.C. § 1118 and the laws of the State of Illinois including 815 ILCS 510 *et seq*., Defendant be directed to deliver up for destruction all advertisements, labels, signs, prints, packages, wrappers, receptacles, and all other materials in its possession or under its control that bear the NATURPLUS mark or any other reproduction, counterfeit, copy, or colorable imitation of NOI's NATURE'S PLUS Marks.

(3)     Pursuant to 15 U.S.C. § 1117 and the laws of the State of Illinois including 815 ILCS 510 *et seq*., Defendant account and pay to NOI damages in an amount sufficient to fairly compensate NOI for the injury it has sustained, punitive damages in an amount sufficient to deter Defendant from engaging in acts of the type complained of herein, and all profits which are attributable to the infringing sale of goods or services under the names and marks complained of herein, and further that the amount of the monetary award granted herein be trebled in view of the willful and deliberate nature of Defendant's unlawful conduct.

(4)     Pursuant to 15 U.S.C. § 1117 and the laws of the State of Illinois including 815

ILCS 510 *et seq*., Defendant be ordered to pay to NOI the costs of this action and NOI's attorneys' fees.

(5)      Defendant be ordered to make an accounting of all income and all profits derived from the sale of products under any owned by NOI.

(6)      NOI be awarded prejudgment and post-judgment interest on all monetary Awards.

(7)      NOI be granted such other, further, different or additional relief as this Court deems equitable and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff NOI demands a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 24, 2018                    Respectfully submitted,

                                          **Natural Organics, Inc.**

                                          By: /s/ Anthony J. Monaco
                                               One of its attorneys

Anthony J. Monaco, ARDC #6279545
P. Stephen Fardy, ARDC #6230900
Brittany L. Gilhooly, ARDC #6313195
Swanson, Martin & Bell, LLP
330 N. Wabash Ave. Suite 3300
Chicago IL 60611
312-321-9100
amonaco@smbtrials.com
sfardy@smbtrials.com
bgilhooly@smbtrials.com

-and-

Ross Panko, Esq. (*pro hac vice* forthcoming)
**ARENT FOX LLP**
1717 K Street, NW

20

5235138_1

Washington, DC  20006
Tel. 202.857.2000
Fax. 202.857.6395

Lindsay Korotkin, Esq. (*pro hac vice* forthcoming)
**ARENT FOX LLP**
1301 Avenue of the Americas
Floor 42
New York, NY 10019
Tel.: 212.484.3900
Fax: 212.484.3990
*Attorneys for Plaintiff*